UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE B. FANG,<br><br>        Plaintiff,<br><br>    v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,<br><br>        Defendant. | Case No.16-cv-06071-JD<br><br>**ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER** |

On October 23, 2016, plaintiff Dr. Winnie Fang filed a motion for a temporary restraining order and/or preliminary injunction requesting that the Court dismiss the parties' ongoing Financial Industry Regulatory Authority ("FINRA") arbitration and order the FINRA panel "to comply with the FINRA rules." Dkt. No. 8 at 11 (amended motion). The case was reassigned to the Court on October 24, 2016. Dkt. No. 10. On October 26, 2016, the Court directed defendant Merrill Lynch to respond to the motion. Dkt. No. 12. The motion is denied.

This case relates to the escheatment to the State of California of Peet's Coffee and Tea stock that Fang claims an ownership interest in. Fang's husband died during a home robbery in January 2000. Dkt. No. 8 at 4. Fang alleges that in October 2005, she delivered to Merrill Lynch 2,500 shares of Peet's stock that her husband had held. *Id.* Merrill Lynch promised it would update the stock contact information with her name and that the shares were in its custody, but in 2010 Fang received notice that the shares had escheated to the State. *Id.* at 4-5. Fang sued Merrill Lynch in state court in 2013 and reached a partial settlement. *Id.* at 5. After new information about the shares came to light following the settlement, Fang initiated a FINRA arbitration action with Merrill Lynch in June 2014. *Id.*

Plaintiff alleges that there have been procedural missteps in the arbitration process, including defendant's failure to produce relevant documents in discovery. *Id.* at 6. On September 30, 2016, she moved for dismissal of the FINRA arbitration, which was denied. *Id.* at 6-7. On October 20, 2016, she filed the complaint here for breach of fiduciary duty, breach of contract, negligence, fraud, and unfair business practices. Dkt. No. 1. On October 23, 2016, she sought injunctive relief to dismiss the ongoing arbitration. Dkt. No. 8.

Federal Rule of Civil Procedure 65 governs both temporary restraining orders and preliminary injunctions. A temporary restraining order enjoins conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). But where notice of a motion for a temporary restraining order is given to the adverse party, the same legal standard as a motion for a preliminary injunction applies. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation omitted). Under either approach, "at an irreducible minimum," the party seeking an injunction "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (internal quotation omitted).

Fang fails to meet this requirement. She seeks injunctive relief on the grounds that she cannot be compelled to participate in arbitration pursuant to FINRA Rule 13200 (providing that no claims shall be submitted to arbitration on a class-wide basis). Dkt. No. 8 at 10. But as defendant points out, the motion has nothing to do with the claims in Fang's complaint. Dkt. No. 14 at 8-9.

The complaint alleges breach of contract, fraud, negligence, and unfair business practices. Dkt. No. 1.  There is no link between the injunctive relief sought and the likelihood of success or serious questions on the merits of the complaint's claims.  *See* Dkt. No. 8 at 9-11.  That is enough to deny the requested relief but the Court also notes that Fang made no showing of possible irreparable harm she might suffer, how the balance of equities tips in her favor, or why injunctive relief is in the public interest.  *See Winter*, 555 U.S. at 20.  Consequently, the motion is denied.

**IT IS SO ORDERED.**

Dated: November 10, 2016

JAMES DONATO
United States District Judge