UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE B. FANG,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,<br><br>Defendant. | Case No.16-cv-06071-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 52 |

The Court has discussed in detail the case's factual and legal issues in the order denying plaintiff's request for a TRO, and the order denying plaintiff's motion to vacate the arbitration award. Dkt. Nos. 19, 76. What remains is the motion by defendant Merrill Lynch to dismiss the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 35, 52.

A substantial portion of the FAC attacks the validity of the FINRA arbitration proceedings. Those allegations fail to state a plausible claim for the reasons discussed in the order denying the motion to vacate.

The remaining allegations in the FAC are an improper effort to relitigate in court the claims Fang arbitrated unsuccessfully. Fang herself voluntarily initiated the arbitration with FINRA pursuant to an agreement to "submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims, and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." Dkt. No. 53, Ex. D2. She filed for arbitration on the same operative facts that are alleged again in the FAC, and for the same causes of action. *See id.*, Ex. D1 (arbitration statement of claim). By submitting those claims to the FINRA arbitration panel, Fang waived any right she might have had to litigate them in federal court. *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097 (9th Cir. 1987); *see also Jacobs v. CBS Broad., Inc.*, 291

F.3d 1173, 1178-79 (9th Cir. 2002); *Teamsters Local Union No. 760 v. United Parcel Serv., Inc.*, 921 F.2d 218, 220 (9th Cir. 1990). *Lemos* is right on point with the situation here, and Fang has made no effort to distinguish it or even acknowledge it, despite the fact that the decision is central to Merrill Lynch's argument for dismissal. *See* Dkt. No. 52 at 7-8.

Fang's suggestion that dismissal is inappropriate because the arbitrators acted beyond their authority is unavailing for the same reasons stated in the motion to vacate order. Dkt. No. 76 at 5-6. In addition, Fang "may not voluntarily submit [her] claims to arbitration, await the outcome, and, [when] the decision is unfavorable, then challenge the authority of the arbitrator[] to act." *ASARCO LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC*, 893 F.3d 621, 632 (9th Cir. 2018) (internal quotation omitted).

The final issue is whether Fang should be allowed to amend the complaint again. She has already had more than one opportunity to state a plausible claim, which would make dismissal with prejudice appropriate. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). After reviewing the arbitration record and related facts in connection with the motion to vacate, and in light of the record as a whole in this case, the Court concludes that there is no likelihood Fang could allege viable claims against Merrill Lynch short of bringing an entirely new lawsuit divorced from the FINRA proceedings. Consequently, the case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: December 10, 2018

JAMES DONATO
United States District Judge